```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIAM BROWN, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 10-2784 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on William Brown's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255 challenging his conviction by this Court on grounds of ineffective assistance of counsel. [Docket Item 1.] Petitioner contends that his counsel failed to investigate his alibi defense and to permit him to testify regarding this defense, and that his counsel failed to object to an improperly long sentence. The Government has filed a motion to dismiss, arguing that the petition is barred by the statute of limitations. [Docket Item 10.] The Court finds as follows:

    1. After he was convicted by a jury of six counts relating to a 2005 armed home invasion robbery, this Court sentenced Petitioner to imprisonment of 480 months. After losing his appeal, see United States v. Hernandez, 306 Fed. Appx. 719 (3d Cir. 2009), he petitioned the Supreme Court for a writ of certiorari. On May 26, 2009, the Supreme Court denied the writ.

(Exhibit at page 5 of Brown Aff.)

2. Federal law requires that petitions under 28 U.S.C. § 2255 be filed within one year of certain statutory benchmarks, depending on the reason for the relief sought. 28 U.S.C. § 2255. The basis of the present petition — two claims of ineffective assistance of counsel — require it to be filed within one year of "the date on which the judgment of conviction becomes final." Id. If a petition for writ of certiorari is filed with the Supreme Court and denied, then the conviction becomes final on the date of the denial. Clay v. United States, 537 U.S. 522, 525-32 (2003).

3. Petitioner certified that he served a copy of the present petition on May 27, 2010 [Docket Item 1, at 3], and the petition itself indicates that it was executed on May 27, 2010. [Docket Item 1, at 7.] The envelope was postmarked May 28, 2010, and it was received by this Court on June 1, 2010. The Government concedes that the petition was considered "filed" on May 27, 2010. (Resp.'s Br. 3.) See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998) (holding that, in the absence of proof of the date the Petitioner's puts the petition in the prison mail, such as a mail log, the court would deem the petition filed as of the date written on the petition's certification page).

4. The Government correctly contends that Brown's petition is untimely. Because the habeas statute provides no method for

computing the time period, the Federal Rules of Civil Procedure govern and provide that the one-year period runs from the day after the event triggering the limitation period.  Rule 6, Fed. R. Civ. P.; Rule 12, § 2255 Rules; Wilson v. Beard, 426 F.3d 653, 662 (3d Cir. 2005) (applying Federal Rule of Civil Procedure 6 to AEDPA).  In non-leap years, a year is 365 days.  Thus, at least when there is no intervening February 29, one counts beginning on the day after the event up to 365.  The resulting end date is the anniversary of the event.  Therefore, a "motion presented to the court on the anniversary date of a triggering event" is timely, since a year from a date is the day before the anniversary date, but Rule 6(a) extends it by a day.  See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003).  United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motion.").  In this case, the Supreme Court denied certiorari on May 26, 2009.  Under Rule 6(a), the Court counts to 365 starting with May 27, 2009.  Day 365 is May 26, 2010.  Consequently, Petitioner's filing was one day late.

     5.   Petitioner argues that his being one day late should be excused by the Court.  See Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 619 n. 1 (3d Cir. 1998) (holding that

3

one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling may be applied, for instance, when the petitioner has been actively misled by the respondent, or when petitioner files a timely petition in the wrong forum. See Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008).

  6. Petitioner contends that he was misled by the Supreme Court's letter and his counsel's advice. He concedes that the copy of the Supreme Court's denial of his writ of certiorari sent to him is dated May 26, 2009, but argues that it was stamped "filed" on May 28, 2009, and that his attorney advised him that the filing date (i.e. May 28, 2009) triggered the one-year limitation period. However, the letter indicating that Petitioner's writ of certiorari had been denied is stamped received on May 28, 2009, not filed on that date, and clearly indicates that it was issued on May 26, 2009. And the letter attached by Petitioner purporting to show the deficient advice he received about the deadline actually makes no mention of when the habeas corpus deadline begins. (Exhibit at page 6 of Brown Aff.)

  7. Petitioner has not pointed to any "extraordinary

4

circumstance" justifying relaxation of the one-year requirement. Both of Petitioner's allegations regarding what he was told about the deadline are contradicted by his own documents.  The sole remaining possible basis for equitable tolling would be a claim of actual innocence.  But even if proof of actual innocence constitutes grounds for equitable tolling, it is not present in this case.  To show actual innocence, the petitioner must come forward with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  The petitioner must then demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002) (quotation omitted). Petitioner asserts that his counsel failed to investigate his alibi defense, and that counsel advised that he not testify regarding his alibi.  But "Defendant's own late-proffered testimony is not 'new' because it was available to him at trial." Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004).  And he does not present the alibi testimony he claims his attorney should have introduced.  Because Defendant presents no new evidence with which to demonstrate that no reasonable jury would have found him guilty beyond a reasonable doubt, he cannot meet the high burden required for a showing of actual innocence,

and the Court therefore need not decide whether such a showing would entitle Petitioner to equitable tolling.

8.  The petition must be denied as untimely.  As the Seventh Circuit Court of Appeals observed, "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere."  <u>Marcello</u>, 212 at 1010.  Indeed, the one-year line was drawn by Congress, and it rules out this case, under the circumstances presented.  The accompanying Order will be entered.


**May 26, 2011**                                   **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   United States District Judge