IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 10-2784 (JBS)<br><br>**MEMORANDUM OPINION** |

APPEARANCES:

William Brown
UNITED STATES PENITENTIARY – ATWATER
P.O. Box 019001
Atwater, CA 95301
    Pro Se

Steven J. D'Aguanno, Assistant U.S. Attorney
OFFICE OF THE US ATTORNEY
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for the Defendant

**SIMANDLE**, Chief Judge:

    This matter comes before the Court on William Brown's petition for relief of judgment, filed pursuant to Fed. R. Civ. P. 60(b)(6). [Docket Item 20.] Under Fed. R. Civ. P. 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other

reason that justifies relief."¹  Petitioner claims that he was prevented from mailing the petition in a timely manner because the prison at which he was incarcerated, United States Penitentiary – Canaan ("USP – Canaan"), was "on lock-down."  The Government has filed opposition. [Docket Item 25.]  This Court finds as follows:

  1. Petitioner was convicted by a jury of six counts relating to a 2005 armed home invasion and sentenced by this Court to imprisonment for a term of 480 months.  After losing his appeal, see United States v. Hernandez, 306 Fed. Appx. 719 (3d Cir. 2009), he petitioned the Supreme Court for a writ of certiorari.  On May 26, 2009, the Supreme Court denied the writ.  He then petitioned for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, challenging his conviction by this Court on grounds of ineffective assistance of counsel.  Brown v. United States, No. 10-2784, 2011 WL 2148181, at *1 (D.N.J. May 31, 2011).  As explained in this Court's May 31, 2011, Opinion on

---

¹ The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub.L. No. 104-132, 110 Stat. 1214, limits a petitioner's ability to bring a second or successive habeas petition. Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011); see 28 U.S.C. § 2244(b).  When a Rule 60(b) motion challenges the federal habeas proceeding itself, rather than challenging the substance of the federal court's resolution of a claim on the merits, the motion does not advance a "claim" and is not considered a second or successive petition.  Blystone, 664 F.3d at 412 (citing Gonzalez v. Crosby, 545 U.S. 524, 526 (2005)). Petitioner's motion focuses on the circumstances surrounding the filing of his habeas petition and therefore can proceed as a motion under Rule 60(b).

the matter, the petition was denied as untimely because it was filed one day late.[2]  Id. at *2.  More specifically, federal law requires that petitions under 28 U.S.C. § 2255 be filed within one year of certain statutory benchmarks, depending on the reason for the relief sought.  28 U.S.C. § 2255.  Petitioner's claims required the petition to be filed within one year of "the date on which the judgment of conviction becomes final."  Id.  If a petition for writ of certiorari is filed with the Supreme Court and denied, the conviction becomes final on the date of the denial.  Id.  (citing Clay v. United States, 537 U.S. 522, 525-32 (2003)). Therefore, because the Supreme Court denied the writ on May 26, 2009, and the petition was filed on May 27, 2010, the petition was late.  Id.

  2. Petitioner, acting pro se, filed the instant motion under 28 U.S.C. § 2255 pursuant to Fed. R. Civ. P. 60(b)(6).  [Docket Item 20.]  Petitioner claims that "extraordinary circumstances" exist justifying relief from this Court's previous judgment denying post-conviction relief under 28 U.S.C. § 2255; that he is entitled to statutory tolling under 28 U.S.C. § 2255(f)(2) based on unconstitutional government interference which prevented him from filing his motion on time; and that he is

---

[2] A pro se prisoner's habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

3

entitled to equitable tolling. [Id.] Petitioner further requests that this Court issue a certificate of appealability if this Court denies his Rule 60(b)(6) motion. [Id.]

3. In support of these claims, Petitioner presented an unsworn memorandum from Aaron Gardea, Unit Manager at United States Penitentiary – Atwater, the California institution in which Petitioner is now confined, stating that Petitioner was not able to proceed with his legal process in a timely manner because USP – Canaan was on lock-down. [Docket Item 20, Exhibit No. 2.] Gardea gives no indication of the source of his information about the supposed lock-down at USP – Canaan almost 19 months earlier and 2,500 miles away. It certainly does not appear to come from official files, and presumably it merely repeats hearsay from Petitioner himself.

4. The Gardea document, itself, also raises questions about its trustworthiness, as it does not read as if a knowledgeable professional in the Federal Bureau of Prisons wrote it. In its entirety, the Gardea memorandum states:

> This memorandum serves as verification that inmate Brown is in the process of filing 60(b)(6) motions with regard to criminal number 06-126(JBS) [sic], in the United States District Court, Eastern District of New Jersey [sic]. Due to inmate Brown's previous institution (USP Canaan) being on lock-down; [sic] he was not able to proceed with his legal process in a timely manner.
>
> Inmate Brown [sic] initial filing was placed in the outgoing mail at the previous institution on May 24,

4

      2010.  It was returned to him the next day.  When the
      institution returned to normal operations, inmate
      Brown was able to hand delivered [sic] his legal mail
      to the institution's mail room staff on May 27, 2010.

   5. Hearsay is not admissible unless it falls under one of the hearsay exceptions.  Fed. R. Evid. 802.  Under Fed. R. Evid. 803(8), a record or statement of a public office is not excluded by the rule against hearsay if "neither the source of information nor other circumstances indicate a lack of trustworthiness."  Similarly, under Fed. R. Evid. 803(6), records of a regularly conducted activity are not excluded if "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."  Because Gardea's unsworn memorandum lacks a foundation and indicates a lack of trustworthiness, it is not admissible under either of these hearsay exceptions.

   6. In their response brief, the Government argues that Petitioner cannot show that his untimely petition was the result of some extraordinary circumstance because Petitioner's claim, that USP – Canaan was on lock-down, is directly contradicted by the prison records.  [Docket Item 25.]  In his affidavit, Enrique Pabon, a Senior Investigative Agent at USP – Canaan, stated that between May 20, 2010, and May 31, 2010, USP – Canaan was not on lock-down, there were no incidents that would have led to a lock-down, the mail logs revealed no interruptions in

5

the processing of inmate mail, and Petitioner was not held in any type of detention that would have prevented him from placing his petition in the outgoing mail. [Id., Exhibit A.] In other words, a declaration under penalty of perjury by an official with personal knowledge at USP – Canaan establishes that there was no lock-down and no interruption in the ordinary processing of mail at USP – Canaan, and no detention that prevented Petitioner brown from timely mailing, during the period of May 20-31, 2010.

7. Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

8. While Petitioner has brought this action before the Court under Fed. R. Civ. P. 60(b)(6), he is seeking to present new evidence, for which the applicable standard is Fed. R. Civ. P. 60(b)(2). Under Rule 60(b)(2), an order will be set aside only

to accommodate newly discovered evidence that could not have been discovered prior to the rendering of the judgment through the exercise of reasonable diligence.  <u>Compass Tech., Inc. v. Tseng Labs., Inc.</u>, 71 F.3d 1125, 1130 (3d Cir. 1995) (finding that a plaintiff exercised reasonable diligence where both the plaintiff and the defendant were unable to locate a key witness despite continuing efforts and pursuit of several possible avenues to trace the witness's whereabouts); <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 535 (D.N.J. 1998) (deciding that affidavits submitted with a motion for reargument would not be considered because the affidavits did not set forth information that was unavailable to the petitioner at the time of the original motion, and the information should have been presented earlier); <u>Smith v. City of Chester</u>, 155 F.R.D. 95, 97 (E.D. Pa. 1994) (denying a motion for reconsideration because "[p]arties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment").

    9. Petitioner has not presented some new matter that could not have been discovered and asserted prior to the rendering of the challenged order.  In his reply to the Government's motion to dismiss [Docket Item 11], Petitioner made no mention of USP – Canaan being on lock-down when he tried to file his original petition [Docket Item 14].  Additionally, at no time did

7

Petitioner request to submit additional affidavits or any other documentation regarding USP – Canaan being on lock-down prior to the issuance of this Court's order.  Therefore, under Rule 60(b)(2), the motion must be denied because Petitioner has failed to show that evidence of a lock-down was not available prior to the issuance of the challenged order.

   10.    Furthermore, relief may be granted pursuant to Rule 60(b)(2) only upon a showing that the new evidence is both credible and admissible.  In re Burns, 169 B.R. 563, 569 (Bankr. W.D. Pa. 1994) (citing U.S. v. McGaughey, 977 F.2d 1067, 1075 (7th Cir.1992)); Goldstein v. MCI WorldCom, 340 F.3d 238, 257 (5th Cir. 2003) (same).  As explained above, Petitioner's "newly discovered evidence" is inadmissible hearsay, and therefore relief will not be granted.

   11.    Alternatively, analyzing Petitioner's claims under Rule 60(b)(6), the motion must still be denied.  Although the text of Rule 60(b)(6) states that a court may grant relief from a final judgment for "any other reason that justifies relief," the courts have added a requirement that the party seeking relief must demonstrate the existence of "extraordinary circumstances" that justify the use of the Rule 60(b)(6) catch-all provision to vacate the judgment.  Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  Extraordinary circumstances "rarely exist when a party seeks relief from a

judgment that resulted from the party's deliberate choices." Id. at 255.  For example, in Rastelli Bros., Inc. v. Netherlands Ins. Co., 68 F. Supp. 2d 451, 454 (D.N.J. 1999), this Court denied a plaintiff's motion for relief from final judgment because "the desire to pursue other legal theories that were always available and squarely implicated in the defendant's position herein does not present any extraordinary circumstances."  Even an "honest mistake" of a party in failing to present stronger evidence of its position will not support relief from judgment under Rule 60(b)(6).  Id.  (citing Moolenaar v. Gov't of V.I., 822 F.2d 1342 (3d Cir. 1987)).

12. In addition, a showing of extraordinary circumstances requires a showing that without relief from the judgment, an "extreme and unexpected hardship will result."  Budget Blinds, Inc., 536 F.3d at 255 (internal quotation marks and citation omitted).  A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Tischio, 16 F. Supp. 2d at 533 (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).  Relief from judgment should only be granted sparingly, because it impairs the judicial system's need for finality in litigation.  Rastelli Bros., Inc., 68 F. Supp. 2d at 453.

9

13.     Petitioner has not proven that any circumstances, much less "extraordinary circumstances," existed to prevent him from bringing forth his evidence of a lock-down in his § 2255 motion or in opposition to the Government's motion to dismiss. Petitioner's desire to pursue other legal theories that were available prior to issuance of the challenged order does not constitute an "extraordinary circumstance."  See Rastelli, 68 F. Supp. 2d at 454.  Even if this Court assumes that pro se Petitioner made an "honest mistake" in not presenting evidence of the alleged lock-down prior to the challenged order, this argument would not support relief from judgment under Rule 60(b)(6).

14.     Moreover, from the information under consideration, Petitioner does not demonstrate that there was any lock-down at USP – Canaan during any time in the May 20-31, 2010 period.  The Gardea memorandum is entitled to no weight for reasons discussed above.  The Pabon Certification, on the other hand, is based upon personal review of USP – Canaan's records of prison incidents and records of the actual normal processing of outgoing prisoner mail, establishing that nothing happened in the prison mail system during the relevant period to prevent Petitioner from timely mailing his motion under § 2255.  Thus, there was, and there is, no new "evidence" for Petitioner to present, as there was in fact no such lock-down or mail

interruption at USP – Canaan.  Overall, Petitioner's failure to adduce any evidence of a lock-down during the prior proceeding, or any admissible evidence during this proceeding, does not constitute an "extraordinary circumstance."

15.   Under these circumstances, Petitioner has failed to show good case under 60(b)(2) or 60(b)(6).  His § 2255 petition was late, and there is no reason to equitably toll the limitations period.  Based on the foregoing reasons, the Court denies Petitioner's motion for relief from judgment, and the accompanying Order will be entered.[3]

**June 11, 2012**            s/ Jerome B. Simandle
Date                         Jerome B. Simandle
                             Chief U. S. District Judge

---

[3] Petitioner asks this Court to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2), (c)(3).  This Court may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  This Court denies a certificate of appealability, because jurists of reason would not find debatable the Court's denial of Petitioner's motion.